**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 15, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRITTANY LYN ISAACSON,

Defendant - Appellant.

No. 24-8044
(D.C. No. 2:24-CR-00021-ABJ-2)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BACHARACH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.

---

This appeal involves the constitutionality of 18 U.S.C. § 922(g)(1), which criminalizes a convicted felon's possession of a firearm. The defendant, Ms. Brittany Isaacson, was convicted under this law and appeals, arguing that the law violates the Second Amendment.

---

[*]     Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

We upheld the constitutionality of § 922(g)(1) in *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009). But Ms. Isaacson argues that *McCane* is no longer good law based on two later Supreme Court opinions:

- *New York Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 24 (2022) and

- *United States v. Rahimi*, 602 U.S. 680 (2024).

We have rejected the same arguments in two precedential opinions. In the first opinion, *Vincent v. Garland*, 80 F.4th 1197, 1200–02 (10th Cir. 2023), we held that *McCane* hadn't been abrogated by *Bruen*. In the second opinion, *Vincent v. Bondi*, 127 F.4th 1263, 1265 (10th Cir. 2025), we held that *McCane* hadn't been abrogated by *Rahimi*.

Our two opinions—*Vincent v. Garland* and *Vincent v. Bondi*—control, requiring us to reject Ms. Isaacson's constitutional challenge to § 922(g)(1). *See In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) (per curiam) (stating that one panel is bound by a prior published Tenth Circuit opinion unless abrogated by the en banc court or the Supreme Court). So we affirm the conviction.

Entered for the Court


Robert E. Bacharach
Circuit Judge

2